# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# NORTHERN DIVISION

**ALLEN BETH INCORPORATED**                                          PLAINTIFF

v.                              No. 3:22-cv-59-DPM

**WASTE CONNECTIONS US, INC.**
**and WASTE CONNECTIONS OF**
**ARKANSAS, INC.**                                                   DEFENDANTS

## ORDER

1.    The Court has reconsidered, but stands by its ruling on the contract claims.  First, as Waste Connections points out, motions to reconsider are reserved for particularly compelling circumstances, not re-argument or new argument on the merits.  *Broadway v. Norris*, 193 F.3d 987, 988-90 (8th Cir. 1999).  Allen Beth's motion does not satisfy this standard.  Second, based on the undisputed facts of record, Waste Connections didn't violate the parties' contract.  Though Allen Beth gave no pre-suit notice, Waste Connections construed this lawsuit as notice and cured within the time allowed.  The notice-and-cure provision was not a condition of termination; it was a condition of suit.  Because Waste Connections cured, the pre-suit condition was not satisfied, and no actionable breach occurred.  Third, Allen Beth didn't respond to Waste Connection's statement of undisputed material facts.  LOCAL RULE 56.1(c).  The Court took that undisputed record in the light

most favorable to Allen Beth in deciding the contract claims. Allen Beth's new fact-based points do not undermine the admitted material facts of record. Fourth, there's no jurisdictional problem. To the extent Allen Beth now asserts a no-standing argument based on how the parties decided to handle their disagreement, that argument is new and mistaken. The parties had a dispute that was cured both retrospectively and prospectively. No good reason exists to come out the other way on the contract claim.

2. The Court has benefitted from the parties' briefs on unjust enrichment. Texas law bars these claims here. Waste Connections didn't retain any benefit. *Armendariz v. Hudgens*, 618 S.W.3d 750, 767 (Tex. App. 2020). The undisputed facts are that Waste Connections made Allen Beth whole with a $3,000 check for interest and "the full amount of increases in its service rates and fuel surcharge fees since January 2017." *Doc. 50 at 3.* This refund cured the parties' overpayment dispute in accordance with the contract. That Allen Beth has refused to cash the check does not entitle it to recover under an alternative theory of unjust enrichment, which is sometimes available in overpayment disputes. *Fortune Production Co. v. Conoco, Inc.*, 52 S.W.3d 671, 684 (Tex. 2000); *Southwestern Electric Power Co. v. Burlington Northern Railroad Co.*, 966 S.W.2d 467, 469-70 (Tex. 1998).

–3–

\* \* \*

Motion for reconsideration, *Doc. 64*, denied. Waste Connection's motion for summary judgment, *Doc. 48*, granted. Motion, *Doc. 53*, denied as moot. Final Judgment will issue.

So Ordered.

*[signature]*
D.P. Marshall Jr.
United States District Judge

20 February 2024